# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL L. HANSON,**
    **Plaintiff,**

  v.                                    Case No. 14-CV-1024

**ALLEN BREY,**
**CITY OF MARINETTE,**
**MARINETTE COUNTY,**
**BRUCE FURST,**
**RICK PRINCE,**
**SEAN M. VAN ERMEN,**
**DOMINICK CARDELLA, and**
**SCOTT SZABO,**
    **Defendants,**

## DECISION AND ORDER

Plaintiff, Daniel Hanson, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis, several other motions file by the plaintiff, and for screening of plaintiff's complaint.

Plaintiff has been assessed and paid an initial partial filing fee of $16.27. He has also paid additional partial filing fees, for a total of $111.27. I will grant his motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted,

or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing

Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff begins his complaint by saying that he has been in prison for six years on wrongful convictions. He notes that he needed back surgery when he arrived in April 2009. Plaintiff then provides a number of details about his criminal conviction and the ways in which he believes that individuals involved in his criminal prosecution violated his constitutional rights with regarding to preliminary breath tests and how the collection of evidence was handled the night of plaintiff's arrest. He also talks about wrongful

convictions denying him medical care. Plaintiff's first request for relief is immediate release from prison. He also seeks monetary damages and declaratory and injunctive relief.

It is difficult to determine exactly what plaintiff's claim in this case is. If his desired claim relates to the probable cause to arrest him, a judgment in plaintiff's favor in this case might necessarily imply the invalidity of his criminal conviction that has not been reversed, expunged, or called into question. McCann v. Neilsen, 466 F.3d 619, 620-21 (7th Cir. 2006) (citing Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)). So long as plaintiff's conviction stands, plaintiff may not challenge the conviction in a civil rights suit, see Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003), or pursue claims for damages that would necessarily impugn his convictions, see Heck, 512 U.S. at 486-87; Gilbert v. Cook, 512 F.3d 899, 900 (7th Cir. 2008).

However, some constitutional violations, such as excessive force during arrest, do not bar a § 1983 action if they can coexist with a valid conviction. Evans v. Poskon, 603 F.3d 362, 364 (7th Cir. 2010). I am unable to tell from plaintiff's current complaint what claims he is making. As a result, I am unable to determine whether they are claims that can coexist with a valid conviction. I will give plaintiff the opportunity to amend his complaint to more clearly state his claims.

If plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. The amended complaint must be filed on or before **Friday, April 24, 2015**. Failure to file an amended complaint by that date may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint

4

supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted).

I encourage plaintiff to thoughtfully consider the claims he chooses to bring. I remind him that I have previously dismissed his petitions for writs of habeas corpus in this court (Case Nos. 13-CV-896 and 13-CV-1145, E.D. Wis.), and his conviction still stands. Consequently, I will deny plaintiff's motion to consolidate this case with those closed cases. Additionally, I will not consolidate this case with petitioner's other pending civil case (Case No. 14-CV-750, E.D. Wis.) because the cases do not appear to involve a common question of law or fact. See Fed. R. Civ. P. 42(a).

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to consolidate cases (Docket #3) is **DENIED**.

**IT IS FURTHER ORDERED** that on or before **Friday, April 24, 2015**, plaintiff shall file an amended pleading curing the defects in the original complaint as described herein. Failure to file an amended complaint by that date may result in dismissal of this action.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $238.73 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account

in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where plaintiff is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 23rd day of March, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge