UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL L. HANSON,
   Plaintiff,

  v.              Case No. 14-CV-1024

BRUCE A. FURST, et al.,
   Defendants,

## DECISION AND ORDER

  Plaintiff, Daniel Hanson, a Wisconsin state prisoner, filed a pro se complaint on August 20, 2014, under 42 U.S.C. § 1983, alleging that his civil rights were violated. On March 23, 2015, I granted plaintiff's motion for leave to proceed in forma pauperis and gave plaintiff the opportunity to amend his complaint to more clearly state his claims. Plaintiff availed himself of this opportunity on June 8, 2015. This matter is now before me for screening of plaintiff's amended complaint.

### Legal Standard

  As I previously explained, federal law requires courts to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

  To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts

and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations,

"however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### Plaintiff's Amended Complaint

Many of plaintiff's claims must be dismissed. First, Plaintiff purports to bring claims in connection with two separate encounters he had with law enforcement. The encounters were more than four years apart, yet plaintiff argues they are connected because both aggravated pre-existing injuries to his neck and back. The first encounter was on May 29, 2004, more than ten years prior to plaintiff filing his original complaint in August 2014. The statute of limitations in Wisconsin for a Section 1983 action is six years. Gray v. Lacke, 885 F.2d 399, 407-08 (7th Cir. 1989). The mere fact that plaintiff's neck and back were allegedly injured in both encounters is irrelevant to the determination of when plaintiff's claims accrued. "Section 1983 claims 'accrue when the plaintiff knows or should know that his or her constitutional rights have been violated.'" Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993) (quoting Wilson v. Garcia, 471 U.S. 261, 280 (1985)). As such, any claims arising in connection with plaintiff's May 2004 encounter with law enforcement are time-barred. Defendants Furst, Swanson, Sadowski and Cardella are dismissed.

Second, plaintiff attempts to sue the Bay Area Medical Center, the Marinette City Police Department, the Marinette County Sheriff's Department[1], and Marinette County on a theory of respondeat superior. However, "Section 1983 does not establish a system of vicarious liability. Liability depends on each defendant's knowledge and actions, not on the

---

[1] In addition, the Marinette City Police Department and Marinette County Sheriff's Department are not suable entities under § 1983. Best v. City of Portland, 554 F.3d 698, n.1 (7th Cir. 2009) (citing Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir. 1997); West v. Waymire, 114 F.3d 646, 646-47 (7th Cir. 1997)).

3

knowledge or actions of persons they supervise." Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir. 2009) (internal citations omitted); see Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). Plaintiff has not alleged that any of these entities created or supported a policy, custom, or practice that violated his constitutional rights. To the contrary, plaintiff goes to great lengths to establish that the individual defendants acted in a manner that was inconsistent with these entities' established policies, policies that would have ensured plaintiff's rights were preserved had they been followed. These defendants will be dismissed.

Third, plaintiff has not adequately pled claims against Allen Brey (the Marinette County District Attorney), Rick Prince, or Bay Area Medical Center Nurse. Plaintiff provides no specific factual allegations that support his contention that any of these defendants violated his constitutional rights. Instead, plaintiff makes vague and unsupported statements regarding conspiracies and false statements. Plaintiff must support legal conclusions such as these with factual allegations so I can draw the reasonable inference that the defendant is liable for the alleged misconduct. Plaintiff has failed to do this, so these defendants will be dismissed.

Plaintiff's claims against defendants Van Ermen, Amundson, John or Jane Doe, and Kamin fare better. Plaintiff alleges that in November 2008, he was a passenger in a car that ran off the road during a fight he was having with the driver. The driver left the scene because he didn't have a license. Plaintiff also left the scene after a passerby called 911 for help and reported that she believed plaintiff was intoxicated. Plaintiff wandered through the woods and ended up face down in a nearby yard; the owner of the home called 911.

4

A responding officer was able to identify plaintiff based on his previous interactions with plaintiff. Defendants Van Ermen and Amundson then arrived on the scene as rescue squad paramedic's prepared plaintiff for transport to the hospital. Plaintiff alleges that Amundson interrupted the paramedics and without any word to plaintiff, began a "rough body search by going inside the pants up and down the legs, inside the underwear and shirt roughly touching, pulling and stretching the bare skin to the extent of causing excruciating pain." (Dkt. #21 at 21.)

Van Ermen then began to assist paramedics in their transport of plaintiff and noticed the odor of alcohol. He ordered the paramedics to transport plaintiff to the medical center for a blood draw. During this time plaintiff claims he was in and out of consciousness. He alleges that while he was unconscious at the hospital, Van Ermen prepared a "citation for 9th offense of operation of a motor vehicle while intoxicated." (Id. at 22.) IVs were inserted into both of plaintiff's arms, which aroused plaintiff. Plaintiff demanded to know what was going on and objected to any further action. Van Ermen instructed defendants Kamin and Doe to proceed with the blood draw.

At this point, plaintiff began to flail around in an attempt to avoid the blood draw. He was restrained, and Van Ermen instructed Kamin and/or Doe to inject plaintiff with Haldol to calm him down. According to plaintiff, Haldol is a psychotropic drug that is known to cause permanent harm or death to individuals when improperly prescribed, particularly to individuals who are intoxicated when the drug is administered. Plaintiff states that has suffered from chronic neck and spine problems, including random and ongoing paralysis ever since the injection. Plaintiff seeks damages in the amount of $1,000,000 per defendant.

Plaintiff may proceed on his claim that Van Ermen, Kamin, and Doe violated his constitutional rights under the due process clause of the fourteenth amendment when they forced him to ingest the psychotropic drug Haldol in spite of his protests. Plaintiff may also proceed on his medical malpractice claim against Kamin and Doe based on these allegations. Once defendants have answered this complaint, plaintiff should promptly use discovery to attempt to identify the Doe defendant and then move to substitute the defendant's name in the caption.

Finally, plaintiff may proceed on his claim that Amundson violated his fourth amendment right to be free from unreasonable searches and seizures when Amundson conducted a rough body search of plaintiff by going inside plaintiff's pants, underwear and shirt and pulling plaintiff's bare skin to the extent of causing excruciating pain. However, plaintiff may not proceed on his claim that Van Ermen violated plaintiff's fourth and fourteenth amendment rights when Van Ermen ordered a blood draw. Plaintiff alleges that Van Ermen indicated that he smelled alcohol on plaintiff (and plaintiff concedes he was well over the legal limit) and ordered that plaintiff be transported to the hospital for the blood draw. In addition, at the time of these events, Wisconsin case law recognized a per se exigency rule in blood-alcohol cases. As such, Van Ermen did not contravene any established law, and he is therefore entitled to qualified immunity on this claim. See Gerhartz v. Richert, 779 F.3d 682, 688-89 (7th Cir. 2015).

**THEREFORE, IT IS ORDERED** that the following are **DISMISSED** as defendants to this action: Furst, Swanson, Marinette City Police Department, Cardella, Prince, Marinette County Sheriff's Department, Brey (the Marinette County District Attorney), Sadowksi, Bay Area Medical Center, and Bay Area Medical Center Nurse.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon defendants Van Ermen, Amundson, and Kamin pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendants Van Ermen, Amundson, and Kamin shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $73.90 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 8th day of July, 2015.

> s/ Lynn Adelman
>
> _____
>
> LYNN ADELMAN
> District Judge