# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL L. HANSON,

    **Plaintiff,**

  v.                                                      Case No. 14-CV-1024

SEAN M. VAN ERMEN, et al.,

    **Defendants,**

## DECISION AND ORDER

    Plaintiff Daniel Hanson is a Wisconsin state prisoner who is proceeding pro se. On August 20, 2014, he filed a complaint, which I screened on March 23, 2015. In that order, I informed plaintiff that it was unclear to me what claims he was purporting to state, so I gave him the opportunity to amend his complaint. He availed himself of that opportunity on June 8, 2015, and I allowed him to proceed as indicated in that order.

    In plaintiff's amended complaint, he added additional healthcare defendants not named in his original complaint, including Nurse Sharon Kamin and Jane or John Does. On July 27, 2015, plaintiff identified the Doe defendants as Nurse Brad DeYoung, Nurse Linda Van Den Heuval, and Dr. Dennis Smith. Kamin, DeYoung, Van Den Heuval, and Smith have filed motions to dismiss, arguing, in part, that plaintiff's claims against them are barred by the statute of limitations. (Docket #52, 59.)

    I previously allowed plaintiff to proceed with medical negligence claims (under state law) and deliberate indifference claims (under the U.S. Constitution) against these defendants. The claims allegedly arose in connection with plaintiff's November 3, 2008 arrest.

According to Wis. Stat. § 893.55(1m), ". . . an action to recover damages for injury arising from any treatment or operation performed by . . . a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within . . . [t]hree years from the date of the injury . . . ." Plaintiff alleges his injury occurred on November 3, 2008, so he was required to file his medical negligence claims by November 3, 2011. Plaintiff filed his amended complaint on June 8, 2015. Because plaintiff failed to comply with the statute of limitations, his medical negligence claims against Kamin, DeYoung, Van Den Heuval, and Smith are barred.

With regard to plaintiff's deliberate indifference claim, the Seventh Circuit has held that Wisconsin's six-year personal rights statute is the applicable statute of limitations. Gray v. Lacke, 885 F.2d 399, 407-08 (7th Cir. 1989). Based on the date of injury alleged in plaintiff's complaint, plaintiff was required to file his deliberate indifference claims by November 3, 2014. He did not, and so these claims are also barred.

Plaintiff argues that he timely filed his deliberate indifference claims against Kamin, DeYoung, Van Den Heuval, and Smith because he filed his original complaint on August 20, 2014, before the six-year limitations period expired. This argument lacks merit. As explained by the Seventh Circuit Court of Appeals, a plaintiff's amended complaint will generally relate back to the filing date of the original complaint when the amendment is necessary to correct the name of an improperly named defendant who is already before the court. Wood v. Worachek, 618 F.2d 1225, 1229 (7th Cir. 1980). However, "a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run." Id. (citations omitted).

2

Federal Rule of Civil Procedure 15(c) sets forth three prerequisites that must be met before relation back will be allowed when a new defendant is added

> First, the amended claim must arise out of the same occurrence set forth in the original pleading. Second, within the applicable statute of limitations period the purported substitute defendant must have received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits. Third, the purported substitute defendant must have or should have know that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Wood, 618 F.2d at 1229.

Here, plaintiff fails to satisfy the provisions of the second and third prerequisites. First, Kamin did not receive notice of the institution of the action until June 8, 2015, when plaintiff named her as a defendant for the first time. DeYoung, Van Den Heuval, and Smith did not receive notice until July 27, 2015, when plaintiff identified them as the Doe defendants. Second, "[t]his is not a case involving a misnomer of defendant which Rule 15(c) was envisioned to correct." Wood, 618 F.2d at 1230. Plaintiff's amended complaint did not merely remedy a "mistake" in naming the incorrect defendants; it added a completely new category of defendants (i.e., healthcare providers) who had no reason to know that plaintiff had instituted an action in 2014. Because the record is clear that Kamin, DeYoung, Van Den Heuval, and Smith did not have notice of the 2014 complaint and because plaintiff's amended complaint did not merely correct a mistake by identifying the proper defendants, plaintiff is precluded from availing himself of the relation back benefits set forth in Rule 15.

Plaintiff also points to the screening order I entered on July 8, 2015, arguing that I have already determined that he may proceed on these claims. This argument also fails.

My decision that plaintiff had stated claims that were neither frivolous nor malicious, did not deprive defendants of the opportunity to raise the affirmative defense that the claims were barred by the statute of limitations. See Jervis v. Mitcheff, 258 Fed.Appx. 3, 6 (7th Cir. 2007) ("A district court should not raise and resolve affirmative defenses at screening unless the outcome is obvious and would render the suit frivolous . . . .").

Finally, plaintiff's claims are not saved by the "continuing violation" doctrine. The Seventh Circuit Court of Appeals has instructed that the normal rule is that the statute of limitations begins to run from the date of injury, even when that injury produces lingering consequences. Savory v. Lyons, 469 F.3d 667, 672 (7th Cir. 2006). That rule does not apply when "a state actor has a policy or practice that brings with it a fresh violation each day." Id. Here, plaintiff's allegations relate to a single, discrete event that occurred on November 3, 2008. There was no further contact with these defendants, and any effects from that single contact were merely lingering consequences, not fresh violations.

**IT IS THEREFORE ORDERED** that defendant Dennis Smith's motion to dismiss (Docket #52) is **GRANTED**.

**IT IS ALSO ORDERED** that defendants Brad DeYoung, Sharon Kamin, and Linda Van Den Heuval's motion to dismiss (Docket #59) is **GRANTED**.

**IT IS FURTHER ORDERED** that Dennis Smith, Brad DeYoung, Sharon Kamin, and Linda Van Den Heuval are **DISMISSED** as defendants.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge