UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**DANIEL L. HANSON**,

                **Plaintiff,**

v.                                                Case No. 14-cv-1024

**SEAN M. VAN ERMAN and**
**ROBERT AMUNDSON,**

                **Defendants.**
_____

## ORDER

Plaintiff Daniel Hanson, a Wisconsin state prisoner, is representing himself. On May 27, 2016, plaintiff filed a motion to compel. I note that discovery closed on June 3, 2016, and that the parties may, if they so choose, file dispositive motions by July 5, 2016. I have granted multiple requests by plaintiff to extend these deadlines, and I have already cautioned him that further extensions are unlikely. With that in mind and in an effort to resolve this motion quickly, I am ordering defendants to file a response to plaintiff's motion within fourteen days of the entry of this order. Plaintiff may file a reply brief in support of his motion within seven days of receiving defendants' response.

Second, plaintiff indicates that he is willing to discuss settlement with defendants. I have found that mediation is generally successful only when both parties agree that resolution through settlement may be possible. To that end, when defendants respond to plaintiff's motion to compel, they should also indicate whether they would be interested in having this case randomly assigned to a U.S. Magistrate Judge for the limited purpose of mediation. Should the defendants agree that this case could possibly

be resolved through settlement, I will recruit counsel to represent plaintiff for the limited purpose of assisting him in the mediation.

Finally, included in plaintiff's motion to compel was a request that I recruit counsel to represent him. Plaintiff made a similar request before. At that time, I explained that I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). Once a plaintiff demonstrates he has made a reasonable attempt to secure counsel on his own, I examine "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). This inquiry focuses not only on a plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

I previously expressed my belief that the difficulty of this case does not exceed plaintiff's capacity to coherently present it. Since that time, four defendants have been dismissed. The claims against the remaining two defendants, who are police officers, are not complex. Plaintiff has demonstrated that he has the capacity to present his arguments and to respond to defendants' arguments. Should defendants file a motion for summary judgment, plaintiff may support his version of the events with an affidavit, unsworn declaration (see 28 U.S.C. §1746), or any documents he obtained in discovery.

2

Plaintiff complains about his limited access to the library; however, as already noted, plaintiff's remaining claims are straightforward, so even the limited time plaintiff states he has appears to be adequate. I conclude that, at this stage in the litigation, plaintiff is capable of proceeding without counsel.

**IT IS THEREFORE ORDERED** that plaintiff's request for counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that defendants shall respond to plaintiff's motion to compel within fourteen days of the entry of this order**.** They should also indicate whether they believe this case can be resolved through settlement.

**IT IS ALSO ORDERED** that plaintiff may reply to defendants' response within seven days of receiving their response.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge