UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**DANIEL L. HANSON**,

        **Plaintiff,**

v.                                        Case No. 14-CV-1024

**SEAN M. VAN ERMEN, et al.,**

        **Defendants.**
_____

## ORDER

Plaintiff Daniel Hanson, a Wisconsin state prisoner, filed a motion to compel on May 27, 2016, which is now fully briefed and ready for decision[1]. Also before me are two motions filed by defendants: a motion for protective order and a motion to strike, both of which were filed on June 10, 2012.

On February 2, 2016, at plaintiff's request, I extended the discovery deadline from February 19, 2016, to April 19, 2016. On February 7, 2016, plaintiff served defendant Van Ermen with discovery requests consisting of eight requests for production, zero interrogatories, and eighty items styled as requests for admission. According to Van Ermen, the requests for admission read more like interrogatories. Van Ermen timely responded. He states that he "answer[ed] the items styled as requests for admission when [he was] able to understand such requests, and produc[ed] non-privileged documents within [his] custody, possession, and/or control when not otherwise objected to." (Docket #102 at 2).

---

[1] In plaintiff's reply in support of his motion to compel, plaintiff clarifies that his motion to compel applies only to the discovery he served upon defendant Van Ermen; it does not extend to the discovery he served upon defendant Amundson. (Docket #105 at 7).

On April 13, 2016, again at the plaintiff's request, I extended the discovery deadline from April 19, 2016, to June 3, 2016. Plaintiff served his second set of discovery requests on Van Ermen on April 15, 2016. These requests again contained eight requests for production and zero interrogatories; they also contained an additional forty items styled as requests for admission. Van Ermen states that these additional requests for admission also read like interrogatories. Despite believing many of the requests were duplicative and confusing in nature, Van Ermen timely responded to all of them.

On May 26, 2016, just one week before the discovery deadline of June 3, 2016, plaintiff filed this motion to compel, which included an additional 194 items styled as requests for admission.

## Plaintiff's Motion to Compel

Van Ermen argues that plaintiff's motion should be denied because: (1) he has already informed plaintiff that the documents he has requested in his motion are not in his custody, possession, or control; (2) discovery is closed and the third set of discovery requests was untimely; (3) the purported requests for admission are actually interrogatories and therefore exceed the allowed number of interrogatories; (4) he has already responded to the requests that he could understand and were not argumentative; and (5) forcing him to respond to additional requests would cause him annoyance, oppression, and undue burden and expense that are out of proportion to the needs of this case.

As a threshold matter, the court concludes that plaintiff's third set of discovery requests were untimely. In the scheduling order, I stated that, "All requests for discovery

2

shall be served by a date sufficiently early so that all discovery is *completed* no later than the [deadline]." (Docket #54) (emphasis added). Plaintiff served his most recent set of discovery requests on May 26, 2016, eight days before the revised discovery deadline of June 3, 2016. Because the Federal and local rules allow a party thirty days to respond to requests for admission, there was inadequate time for Van Ermen to respond to plaintiff's third set of discovery before the discovery deadline. As Van Ermen noted, if plaintiff wanted him to respond to additional requests for admission, such requests should have been served on defendant no later than May 4, 2016. Van Ermen and Amundson are not required to respond to plaintiff's third set of discovery requests.

That, however, does not resolve plaintiff's motion to compel because, as Van Ermen has noted, plaintiff's third set of discovery requests was largely duplicative of discovery that Van Ermen already responded to. In fact, according to plaintiff, the third set of discovery requests is actually a resubmission of his second set of discovery requests, which he re-filed because he was not satisfied with the original responses Van Ermen gave him on May 18, 2016.

It appears that Van Ermen timely responded to plaintiff's second set of discovery requsts. He states that, to the extent he understood the requests, he responded to them and produced documents that were in his possession, custody, or control. To the extent he did not understand the requests, he indicated that in his response. It is not entirely clear, but it does not appear that plaintiff attempted to clarify his requests or confer with Van Ermen about his responses.

The court notes that Civil Local Rule 37 requires that anyone who files a motion to compel discovery to file, along with the motion, "a written certification by the movant

3

that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." (Civil L. R. 37, E.D. Wis.) That's a long way of saying that a plaintiff needs to first discuss a dispute with the defendant before asking the court to intervene, and that if he can't work out the dispute with the defendant and needs to resort to a motion to compel, he must provide the court with proof that he tried to work it out with the defendant first.

The court understands that an incarcerated plaintiff cannot simply pick up the phone and call counsel for Van Ermen, nor can he send counsel an e-mail. But he can write to opposing counsel. The plaintiff has not attached to his motion to compel any evidence indicating that he tried to work out this dispute with Van Ermen's counsel. Instead, he just re-filed his discovery, apparently hoping Van Ermen would give different responses.

Normally, I would require plaintiff and Van Ermen's counsel to confer before considering plaintiff's motion, but this case has been pending nearly two years, discovery is now closed, and dispositive motions are due in less than two weeks. In addition, the positions of the parties are clear: plaintiff believes Van Ermen "could have given more effort in answering these questions" (Docket #105 at 9); and Van Ermen believes he adequately responded as required by the rules. Requiring the parties to confer at this point would simply waste additional time and resources.

After reviewing both plaintiff's requests and Van Ermen's responses, I agree that Van Ermen has, for the most part, adequately responded and/or objected to plaintiff's discovery requests. Van Ermen objected only in those instances where plaintiff's

4

request was unclear, confusing, or argumentative. In addition, Van Ermen asserts that he has already produced all of the requested documents in his possession, custody, and control. I cannot compel Van Ermen to produce documents he does not have.

Further, plaintiff's general dissatisfaction with Van Ermen's responses is too vague for me to act upon. He complains generally that Van Ermen didn't "answer properly" or "give effort," but he never states why he believes the answers are improper or incomplete. Without specific explanations from plaintiff about which particular responses he is dissatisfied with and why, I cannot determine what additional information Van Ermen should provide, especially given that Van Ermen maintains that he fully responded where possible.

There is, however, one exception, where plaintiff is very specific about what he wants but has not received despite numerous requests. In his reply brief, plaintiff discusses at length his many efforts to obtain a completed copy of a form entitled "Command for Testing by Law Enforcement Officer" (see an example blank form at Docket #86-1). (Docket #105 at 7). Plaintiff states that he has the blank form, and he believes this form was never filled out by Van Ermen as required by state law. If the completed form exists, he wants it.

It is unclear to me whether Van Ermen has the completed form in his possession, custody, or control, or even if the completed form exists. If it does exist and Van Ermen has it in his possession, custody, or control, he shall produce a copy of it to plaintiff. If he does not have it in his possession, custody, or control or if it does not exist, he shall notify plaintiff of that fact. Given that the dispositive motion deadline is quickly approaching, Van Ermen shall either produce the completed form to plaintiff or explain

5

to him why he cannot produce it within seven days of this order. I will deny plaintiff's motion to compel in all other respects.

## Defendants' Motion for a Protective Order

Defendants have filed a motion asking me to enter a protective order allowing them not to respond to plaintiff's newest set of discovery. I have already ruled that plaintiff's third set of discovery was untimely and that defendants do not have to respond. Because there is no need for a protective order, I will deny defendants' motion as moot.

## Defendants' Motion to Strike

Defendants explain that plaintiff served a total of four sets of discovery on them, which contained numerous items styled as requests for admission. The items each contained two boxes beneath them, one with the word "Admit" next to it, and one with the word "Deny" next to it. Defendants chose not to check either box, but instead replied to each individual item in paragraph form. After defendants served their responses on plaintiff, he chose to check the boxes based on his interpretation of the defendants' written responses. Plaintiff then filed the requests with boxes that he checked; he did not include defendants' written responses. (Docket #93-96).

Defendants ask that I strike these documents from the record. They argue that the documents are inauthentic because they did not check any of the boxes and that the documents are prejudicial to defendants because they do not contain accurate representations of defendants' answers to plaintiff's requests to admit.

I agree there is no reason for these documents to be in the record. They are misleading because they imply that defendants checked the boxes, which they did not.

6

In addition, they contain none of the objections or qualifications that defendants included in their responses. I will grant defendants' request to strike them from the record. This does not mean that plaintiff cannot cite to or rely on defendants' responses to his discovery requests in future filings. He may do so; however, he must cite to defendants' actual responses, not his interpretation of defendants' responses.

**THEREFORE IT IS ORDERED** that plaintiff's motion to compel (Docket #97) is **GRANTED IN PART** and **DENIED IN PART**. Defendant Van Ermen shall either produce to plaintiff the completed form (an example blank form is at Docket #86-1) or explain to him why he cannot produce it within seven days of this order.

**IT IS FURTHER ORDERED** that defendants need not respond to plaintiff's May 26, 2016 discovery requests.

**IT IS FURTHER ORDERED** that defendants' motion for a protective order (Docket #99) is **DENIED** as **moot**.

**IT IS FURTHER ORDERED** that defendants' motion to strike (Docket #103) is **GRANTED**. The clerk's office shall strike Docket #93–96 from the record.

Dated at Milwaukee, Wisconsin, this 28th day of June, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge